# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# HARRISBURG DIVISION

| | |
|---|---|
| NASHANDA WATSON, individually and on behalf of other similarly-situated individuals, | |
| Plaintiffs, | CIVIL ACTION FILE NO. |
| v. | _____ |
| MR. G'S ENTERTAINMENT, INC. d/b/a CLUB 22, and GARY L. DOBRINOFF, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiff Nashanda Watson, individually and on behalf of other similarly-situated individuals (collectively, "Plaintiffs") bring this action by and through undersigned counsel and state and allege as follows:

## NATURE OF THE ACTION

1. This is an action for damages and other relief brought by Plaintiff, individually, and on behalf of others similarly situated, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*, the Pennsylvania Wage Payment

1

and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.* and common law as a result of Defendants' failure to pay Plaintiffs the minimum wage and overtime wages as required by both federal and Pennsylvania law and for other authorized damages.

2. The crux of Plaintiff's claims are that (i) neither she, nor those similarly-situated to her, was paid by Defendants at least the minimum wage under federal or Pennsylvania law, for each hour she worked at Club 22, constituting a violation of both the minimum wage provisions of the FLSA and the PMWA; (ii) neither she, nor those similarly-situated to her, was paid by Defendants at least one and one-half times her regular rate of pay under federal or Pennsylvania law, for each hour she worked at Club 22 over 40 hours in a given workweek, constituting a violation both the overtime wage provisions of the FLSA and WPCL; and (iii) neither she, nor those similarly-situated to her, was permitted by Defendants to keep 100% of all tips paid to her by the Club's patrons, also constituting a violation of Pennsylvania law.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Nashanda Watson is a natural person residing in Harrisburg, Pennsylvania. Plaintiff brings this civil action on her own behalf, and on behalf of other similarly-situated individuals as authorized by 29 U.S.C. § 216(b) and under

Pennsylvania law. Plaintiff's consent form to bring and participate in this civil action is attached hereto as Exhibit "A" and is incorporated herein by reference.

4. Defendant Mr. G's Entertainment, Inc. d/b/a Club 22 ("Club 22") is a domestic Pennsylvania corporation, which may be served with a Summons and copy of the Complaint by and through its Registered Agent, Gary L. Dobrinoff, 3819 Lamp Post Lane, Camp Hill, PA 17011-1440. This Defendant is subject to the personal jurisdiction and venue of this Court.

5. Defendant Gary L. Dobrinoff is, on information and belief, both the owner and Chief Executive Officer of Defendant Mr. G's Entertainment, Inc., who may be personally served with a Summons and a copy of the Complaint at his residence, 3819 Lamp Post Lane, Camp Hill, PA 17011-1440. This Defendant has and exercises day-to-day operational control over Club 22, and he is subject to the personal jurisdiction and venue of this Court.

6. The Court has original jurisdiction over the claims stated herein pursuant to 28 U.S.C. §§ 1331, 1332(d) and 1337. This civil action is both a putative collective action under 29 U.S.C. § 216(b) and a putative class action whereby the proposed Rule 23 class consists of over 100 or more members, and at least some of the members of the proposed class are anticipated to have different citizenship from Defendants.

7.  This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

8.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

9.  Pursuant to 28 U.S.C. § 1391, venue is proper in this Judicial District and Division because the alleged events giving rise to Plaintiffs' claims occurred in this division of this judicial district.

## FACTS

10. At all times for the three (3) years prior to the filing of this civil action, Defendants have employed female entertainers at Club 22.

11. Within the three (3) year period immediately preceding the filing of this civil action, Plaintiff was formerly employed by Defendants as an entertainer at Club 22. Specifically, Plaintiff was employed and performed as an entertainer at Club 22 from approximately November 9, 2010 until approximately mid-November, 2013.

12. At all relevant times during her tenure with Club 22, Defendants intentionally misclassified Plaintiff as an "independent contractor" rather than as an employee of Club 22.

13. Defendants misclassified Plaintiff as "independent contractor," at least in part, to avoid their obligations under the FLSA, PMWA, WPCL and Pennsylvania common law to pay Plaintiff at least the relevant minimum wage and overtime wages, and to let her keep all of her tips as required by law, as opposed to requiring her to share her tips with other individuals employed at Club 22, or the Club itself.

14. Defendants are/were each Plaintiff's "employer" covered by the FLSA.

15. Defendant Club 22 was engaged in interstate commerce at all times relevant to this lawsuit.

16. Defendant Club 22 had at least $500,000.00 in annual gross volume of sales made or business done in the preceding three years.

17. Plaintiff maintained an extended working relationship with Defendants.

18. Plaintiff's work as an entertainer was integral to Defendants' business.

19. Plaintiff had no specialized training or background in dance.

20. As an entertainer at Club 22, Plaintiff was economically dependent upon Defendants.

21. At all relevant times, Defendants exercised control over most aspects of Plaintiff's work, and subjected its entertainers, including Plaintiff, to various club rules and regulations.

22. Club 22 rules/regulations included, but were not limited to the following: (a) always use proper etiquette and good hygiene while working the club; (b) never give a customer your phone number at the club or leave the club with a customer; (c) all dancers are subject to drug testing at any time; (d) no smoking on the floor/entertainment area of club while working; (e) entertainer must be on time and ready for their shift 10 minutes prior to shift starting; (f) shoes must be worn at all times; (g) dancers must change positions every 30 seconds; (h) no standing on the couches or VIP booths with shoes; (h) dancers to tip DJ $10 per night; and (j) entertainers not permitted to leave the building for any reason until the end of her shift. True and correct copies of Club 22's rules are attached hereto as Exhibit "B."

23. Club 22 can and does impose fines on its entertainers who fail to conform their conduct to its rules/policies.

24. Plaintiff was also required to pay Club 22 a minimum "house fee" of $25 per shift. Plaintiff was required to pay Club 22 more in house fees if she made more money during a given shift.

25. Defendants, and not Plaintiff, made capital investments in the facilities, maintenance, sound and light systems which are part of Club 22.

26. Defendants, and not Plaintiff, have financed all advertising and marketing efforts undertaken on behalf of Club 22.

27. Defendants make all the major, day-to-day staffing and managerial decisions related to the operations of Club 22.

28. Defendants asked Plaintiff to put herself on the Club's weekly work schedule, but reserved to itself the right to call Plaintiff to appear at the Club to perform during slow shifts, which it did regularly.

29. At all relevant times, Plaintiff received no direct compensation from Defendants, and instead was compensated only in the form of tips from Club 22's patrons.

## COUNT I: VIOLATION OF THE FLSA'S MINIMUM WAGE PROVISION

30. Plaintiff restates the allegations in Paragraphs 1 - 29 as if fully set forth.

7

31. Although Plaintiff's weekly work schedule varied during her tenure performing at Club 22, she frequently worked 12-hour shifts, 5 or 6 days per week.

32. Pursuant to 29 U.S.C. § 206(a), Defendants were required to pay Plaintiff at least the federal minimum wage ($7.25/hour) for each hour she worked.

33. Because Defendants did not pay Plaintiff at least $7.25 for each hour she worked in any given workweek, Defendants are liable to Plaintiff for her unpaid minimum wages, an equal amount as liquidated damages, and reasonable attorney's fees.

34. Defendants intentionally and willfully violated Plaintiff's rights under the minimum wage provision of the FLSA by failing to inquire or investigate its legal obligations to Plaintiff, and others similarly situated, under the FLSA.

### COUNT II: VIOLATION OF FLSA'S OVERTIME WAGE PROVISION

35. Plaintiff restates the allegations in Paragraphs 1 - 34 of the Complaint as if fully set forth.

36. Although Plaintiff's weekly work schedule varied during her tenure performing at Club 22, she frequently worked in excess of 40 hours in a given workweek.

37. Pursuant to 29 U.S.C. § 207(a), Defendants were also required to pay Plaintiff overtime wages for each hour she worked for Defendants over 40 hours in a given workweek.

38. Because Defendants did not pay Plaintiff at one and one-half her regular rate of pay for hours worked over 40 in any given workweek, Defendants are liable to Plaintiff for her unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorney's fees.

39. Defendants intentionally and willfully violated Plaintiff's rights under the overtime wage provisions of the FLSA.

### COUNT III: VIOLATION OF PENNSYLVANIA MINIMUM WAGE ACT – FAILURE TO PAY THE MINIMUM WAGE FOR EACH HOUR WORKED

40. Plaintiff restates the allegations in Paragraphs 1- 39 of the Complaint as if fully set forth.

41. At all relevant times, Defendants employed Plaintiff within the meaning of the PMWA, and Plaintiff was not exempt from the payment of the minimum wage.

42. At all relevant times and throughout her tenure with Defendants, Plaintiff worked for customer tips, but did not receive any wages from Defendants.

43. At all relevant times, Defendants improperly classified Plaintiff as an independent contractor so as to avoid having to pay her the minimum wage under Pennsylvania law for each hour worked, a violation of the PMWA.

44. As a result of the aforementioned practice, Defendant has willfully violated the PMWA, and Plaintiff is entitled to recover the Pennsylvania minimum wage for each hour worked, attorneys' fees and costs.

## COUNT IV: VIOLATION OF PENNSYLVANIA MINIMUM WAGE ACT – FAILURE TO PAY OVERTIME WAGES

45. Plaintiff restates the allegations in Paragraphs 1- 44 of the Complaint as if fully set forth.

46. At all relevant times, Defendants employed Plaintiff within the meaning of the PMWA, and she was not exempt from the payment of overtime wages.

47. During her employment with Defendants, Plaintiff regularly worked in excess of 40 hours per workweek, but Defendants never paid her any overtime wages as required by the PMWA.

48. At all relevant times, Defendants improperly classified Plaintiff as an

independent contractor so as to avoid having to pay her overtime wages under Pennsylvania law for each hour worked over 40 in a given workweek, a violation of the PMWA.

49. As a result of the aforementioned practice, Defendant has willfully violated the PMWA, and Plaintiff is entitled to recover one and one half times her regular rate of pay for each hour worked over 40 hours in a given workweek, attorneys' fees and costs.

### COUNT V: VIOLATION OF PENNSYLVANIA'S WAGE PAYMENT AND COLLECTION LAW

50. Plaintiff restates the allegations in Paragraphs 1- 49 of the Complaint as if fully set forth.

51. Defendants are each an "employer" as that term is defined by the Pennsylvania Wage Payment and Collection Law ("WPCL.").

52. Throughout her tenure with Defendants, Defendants failed and refused to pay Plaintiff wages, including the minimum wage for each hour worked and overtime wages for each hour worked over 40 in a workweek, but excluding fringe benefits and wage supplements due her on regular paydays, or within 15 days from the end of each pay period.

53. As a result of the above, Defendants owe Plaintiff unpaid wages,

11

including unpaid overtime wages, plus liquidated damages thereon for the three (3) year period immediately preceding the filing of this civil action.

## COUNT VI: DECLARATORY RELIEF

54. Plaintiff restates the allegations in Paragraphs 1- 53 of the Complaint as if fully set forth.

55. This claim is an action for declaratory relief brought pursuant to 28 U.S.C. § 2201 *et seq.*

56. An actual controversy exists between the parties in this case with regard to Plaintiff's proper classification while employed by Defendants and whether the imposed fines, required house fees and mandatory tip-outs mandated by Defendants upon Plaintiff constitute unjust enrichment to Defendants in the form of illegal kick-backs which must also be reimbursed to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that:

– The Court enter judgment in favor of Plaintiff and against Defendants for the value of all her unpaid wages plus pre-judgment interest;

- The Court award liquidated damages in an amount equal to the amount of all unpaid wages to Plaintiff, pursuant to 29 U.S.C. §216(b);

- The Court declare that Defendants' fines and mandatory tip-outs constitute an illegal "kick-back" to Defendants, for which Plaintiff is entitled to be reimbursed;

- The Court award Plaintiff her reasonably incurred attorneys' fees and litigation costs incurred in prosecuting these claims, pursuant to 29 U.S.C. §216(b); and

- The Court grant the Plaintiff all other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

s/ Dean R. Fuchs
DEAN R. FUCHS, ESQUIRE
(PHV Application Pending)
Georgia Bar No. 279170
SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
Telephone: (404) 688-6800
Facsimile: (404) 688-6840
drf@swtlaw.com

s /Lori K. Serratelli
LORI K. SERRATELLI, ESQUIRE
PA Supreme Court ID No. 27426
SERRATELLI, SCHIFFMAN
    & BROWN, PC
2080 Linglestown Road
Suite 201
Harrisburg, PA  17110
Telephone:  (717) 540-9170
Facsimile:  (717) 540-5481
lserratelli@ssbc-law.com

Attorneys for Plaintiff

14