IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NASHANDA WATSON, *et al.*, | : | 1: 13-cv-3049 |
| | : | |
| Plaintiffs, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| MR. G'S ENTERTAINMENT, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM & ORDER**

### **May 26, 2015**

Pending before the Court is Plaintiffs' Motion for Assessment of Reasonable Attorneys' Fees, (Doc. 95), with regard to their preparation and filing of a previous motion, their Motion to Enforce the Court's November 10, 2014 Order, for Sanctions, and for Equitable Tolling of the Statute of Limitations. (Doc. 80). Because we write for the benefit of the parties, the background of this matter is not fully set forth.

As noted in our December 17, 2014 Order following a hearing on the Motion to Enforce the Court's Order, the parties reached certain agreements in full resolution of the Motion, save for the issue of appropriate sanctions. (Doc. 90). We

also note that at the hearing, the Court specifically indicated to Plaintiffs' counsel that they may file a motion for their attorneys' fees as a form of sanctions. Thus, we must now formally decide whether sanctions are appropriate in the form of attorneys' fees, and whether the fees sought by Plaintiffs' counsel are reasonable.

The district court has the inherent authority, as well as authority specifically authorized under the Federal Rules of Civil Procedure, to order the party disobeying its order to pay the "reasonable expenses, including attorney's fees, caused by the failure [to obey], unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). "Courts are not helpless bystanders, powerless to stop litigants that abuse the legal process and repeatedly defy court orders." *Rodriguez v. National Freight, Inc.*, No. 13-cv-2083, 2014 WL 2720439,*3 (M.D. Pa. June 16, 2014).

In the aforementioned November 10, 2014 Order, (Doc. 75), we granted Plaintiffs' motion for conditional collective action certification and judicial notice. We ordered Defendants to produce, within ten (10) days, an electronic list of the names, phone numbers, and last known addresses they have within their possession of the entertainers who worked at Club 22 anytime within the past three years from the date of that Order. We also ordered the parties to collaborate as to the content of the Notice to putative plaintiffs, and that once agreed upon, the Defendants must

place the Notice in the Club 22 dressing room.

In the Memorandum accompanying the November 10, 2014 Order, we specifically warned Defendants:

> We are aware that the Defendants claim they do not have all of this information, but Defendants must provide in good faith whatever contact information they have for the entertainers. If the Court finds that Defendants have attempted to evade this Order, which is a concern of the Court given Defendants' statements in their briefs that they keep little to no basic business records, upon Plaintiffs' motion, appropriate sanctions will be imposed. (*Id.*, pg. 15)

Unfortunately, we anticipated having to write on the Motion presently before us. The Court wishes it were less prescient.

Even with the aforementioned warning, Defendants made no attempt to provide any names of entertainers or their contact information within the required ten days of the Order. Nor did they submit a declaration on the docket in that time explaining why could not create any kind of electronic list during that time. We understand that the Defendants had a laborious task to compile names and contact information of their entertainers; however, the difficulty of this task has been entirely foreseeable during this litigation and should have been anticipated. We also understand that, over time, Defendants acquired records of entertainers' names or stage names and developed a more comprehensive list of contact information. However, it appears that these efforts did not begin in earnest until after the

prescribed time period and after the Court ordered a hearing on the issue. Defendants could have shown their good faith efforts by filing a declaration on the docket describing their efforts to compile the information or by providing Plaintiffs with a partial list, with the promise that they were continuing to accumulate information. But they chose not to.

     Defense counsel states in his own Declaration, filed December 5, 2014, that he expected Defendants, through the aid of a third party they had enlisted to assist them, to provide him with the entertainers' application records on November 21, 2014. (Doc. 85, ¶¶ 1-2). However, defense counsel further states that the third party never delivered those applications to him, apparently due to a medical problem. (*Id.*, ¶ 3). Defense counsel then tried to contact Defendant Gary Dobrinoff directly for a week, but never reached him. He then continued to call and leave messages for Dobrinoff and the third party, to no avail. Finally on December 5, 2014, defense counsel appears to have reached Dobrinoff to again explain the need for the applications, now overdue. (*Id.*, ¶ 6). Defense counsel also spoke to Dobrinoff's daughter at this time, who said that Dobrinoff had been ill. (*Id.*) In fact, it appears that Dobrinoff's daughter was the one who finally provided defense counsel with a partial list of names and contact information of some of the entertainers at the time of the filing of defense counsel's declaration. (*Id.*, ¶ 7).

Defense counsel then provided this information in electronic form to Plaintiffs' counsel on December 5, 2014. (*Id.*, ¶ 8).

Defendants are effectively asking us to give them the benefit of the doubt that Dobrinoff and his third party assistant were apparently so totally incapacitated during November 2014 and the beginning of December 2014 that they were unable to comply with our Order.[1] However, they have not earned that benefit of the doubt; any such solicitousness of the Court was effectively squandered by previous dilatoriness by Defendants that has punctuated the history of this matter, ever since a default was originally entered against Defendants Mr. G's Entertainment and Gary Dobrinoff. (Doc. 17). Even if Dobrinoff was ill, he could have at least returned the phone calls of his counsel in order to facilitate counsel's ability to facilitate compliance with the order. Dobrinoff's illness also does not explain Danilshenko's noncompliance. Even if he was no longer working at Club 22, he knows he is a defendant to this lawsuit and could have taken the compliance actions he waited to take until after the hearing, *before* the hearing took place. We thus find that sanctions are appropriate for their noncompliance with our November 10, 2014 Order.

---

[1] We also note that Dobrinoff himself has not submitted a Declaration to the Court averring that he had such a serious illness. We have only defense counsel's Declarations that Dobrinoff told him he had been sick. (Docs. 85; 101).

Plaintiffs' counsel has submitted a computation of the legal fees associated with the preparation, filing, and resolution of the Motion to Enforce the Court's Order, seeking $4,710.00 in attorneys' fees (10.8 hours at $350.00/hour and 3.1 hours at $300.00/hour). (Doc. 95-2; Doc. 95-3). Defense counsel contests that an award of attorneys' fees is appropriate, but does not appear to contest the calculations or specific amount of fees submitted by Plaintiffs' counsel.

A district court has discretion to determine the reasonableness of a proffered attorney's fee. *Ranco Indus. Products Corp. v. Dunlap*, 776 F.2d 1135, 1140 (3d Cir. 1985). "[T]he setting of a reasonable attorney's fee 'suggests a twin inquiry . . . . a reasonable hourly rate *and* a determination as to whether it was reasonable to expend the number of hours in a particular case." *Id.* (quoting *Ursic v. Bethlehem Mines*, 719 F.2d 670, 676 (3d Cir. 1983))).

We find that Plaintiffs' attorneys' submission is largely reasonable. Upon reviewing the billing sheets submitted by Plaintiffs' counsel, we observe that counsel's 13.90 hours of work on the Motion was not excessive and was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Planned Parenthood of Cent. N.J. v. Attorney Gen. of State of N.J.*, 297 F.3d 253, 266 (3d Cir. 2002); *see* (Docs. 95-2; 95-3) (outlining fees for correspondence with defense counsel regarding the failure to comply with the

Court's 11/10/14 Order; drafting, reviewing, and revising the relevant motions and supporting briefs; participating in a hearing with the Court). However, in our view, the hourly rate forwarded by counsel, at $350 an hour for Mr. Fuchs and $300 an hour for Ms. Serratelli, is high for this geographic area and for this type of motion. We will instead apply a $250 hourly rate that is still reasonable for the quality and experience offered by Plaintiffs' counsel but more appropriate for this geographic area and for the nature of the legal services rendered. This was not a particularly complex or technical motion for counsel to draft and argue.[2]

By way of summation, the Court is not amused by Defendants' willful dilatoriness. If the excuses offered are to be believed, Defendants, and even their assistants, have quite the calamitous existence. We specifically warned Defendants of the consequences of disobeying our November 10, 2014 Order; we are now making good on that warning. We do appreciate all of defense counsel's efforts to acquire the court-ordered information regarding the Club 22 entertainers both after our November 10, 2014 Order and after the hearing. However, any future acts by the Defendants violating the clear terms of an order of this Court will result in sanctions far costlier than the remedial sanctions being levied today.

---

[2] We also note that Plaintiffs' counsel has not submitted any evidence, beyond their own assertions in their Declarations, of their hourly rates or the appropriate market rate. However, Defendants do not dispute the hourly rates or provide evidence of a different market rate, either.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Motion to Enforce the Court's November 10, 2014 Order, for Sanctions, and for Equitable Tolling of the Statute of Limitations, (Doc. 80), is **GRANTED** to the extent sanctions are found to be appropriate in this matter.

2. Plaintiffs' Motion for Assessment of Reasonable Attorneys' Fees, (Doc. 95), is **GRANTED** to the extent the Court finds an award of attorneys' fees to be an appropriate sanction . The Motion is **DENIED** to the extent Plaintiffs' counsel requested $4,710.00 in fees.

3. Defendants are liable, jointly and severally, to Plaintiffs for $3,475 in attorneys' fees incurred in the preparation, filing, and resolution of the Motion to Enforce Court's Order, for Sanctions, and for Equitable Tolling. The aforesaid amount **SHALL BE REMITTED** to Plaintiffs within 30 days of the date of this Order.

s/ John E. Jones III
John E. Jones III
United States District Judge
